**LaMONICA HERBST & MANISCALCO, LLP**  Hearing Date: March 10, 2015 at 9:30 a.m.
*Counsel to Marianne T. O'Toole, Chapter 7 Trustee*  Objection Deadline: March 3, 2015 by 12:00 p.m.
3305 Jerusalem Avenue, Suite 201
Wantagh, New York 11793
Telephone: (516) 826-6500
Salvatore LaMonica, Esq.
Holly R. Holecek, Esq.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
In re:                                                                      Chapter 7

RJG PROPERTIES, LLC,                                          Case No: 14-36147 (CGM)

                            Debtor.
------------------------------------------------------------------x

**NOTICE OF HEARING ON TRUSTEE'S MOTION SEEKING ENTRY OF AN ORDER PURSUANT TO SECTIONS 105 AND 363 OF THE BANKRUPTCY CODE: (I) APPROVING STIPULATION RESPECTING THE SALE OF THE DEBTOR'S REAL PROPERTY AND CARVE-OUT FROM SECURED CLAIM; (II) AUTHORIZING THE TRUSTEE'S AUCTION SALE OF THE DEBTOR'S REAL PROPERTY; AND (III) GRANTING RELATED RELIEF**

**PLEASE TAKE NOTICE**, that, on **March 10, 2015 at 9:30 a.m.**, or as soon thereafter as counsel may be heard, a hearing will be held before the Honorable Cecilia G. Morris, Chief United States Bankruptcy Judge, in her courtroom at the United States Bankruptcy Court for the Southern District of New York, 355 Main Street, Poughkeepsie, New York 12601, to consider the motion of Marianne T. O'Toole, the Chapter 7 Trustee (the "Trustee") of the estate of RJG Properties, LLC (the "Debtor"), by her counsel, LaMonica Herbst & Maniscalco, LLP, seeking the entry of an Order pursuant to §§ 105 and 363 of title 11 of the United States Code (the "Bankruptcy Code") and Rules 2002 and 6004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"): (i) approving a stipulation between the Trustee and Citizens Bank, N.A. f/k/a RBS Citizens, N.A., which is annexed as Exhibit A to the Motion (the "Stipulation"), providing for, inter alia, the terms and conditions of the consensual sale of the Debtor's real property known as, and located at, 2555 South Road, Poughkeepsie, New York 12601, Section

1

6060, Block 02, Lot 994630 (the "South Road Property") and carve-out from secured claim; (ii) authorizing and scheduling an auction sale of the bankruptcy estate's right, title and interest in and to the South Road Property in accordance with the Stipulation; and (II) granting such other and further relief as this Court deems just and proper (the "Motion").

**PLEASE TAKE FURTHER NOTICE**, that objections to the relief requested in the Motion, if any, must be in writing, conform with the Bankruptcy Code and Bankruptcy Rules, state with particularity the grounds therefor and be filed with the Court, with a courtesy copy to the Chambers of the Honorable Cecilia G. Morris, Chief United States Bankruptcy Judge, and served upon, so as to be received by, LaMonica Herbst & Maniscalco, LLP, the attorneys for the Trustee, Attn: Holly R. Holecek, Esq., no later than **March 3, 2015 by 12:00 p.m.,** as follows: (I) through the Bankruptcy Court's electronic filing system (in accordance with Order No. 473), which may be accessed through the internet at the Bankruptcy Court's website at www.nysb.uscourts.gov, and in portable document format (PDF) using Adobe Exchange Software for conversion; or (II) if a party is unavailable to file electronically, such party shall submit the objection in PDF format on a CD-rom in an envelope with the case name, case number, type and title of document, document number to which the objection refers and the file name on the outside of the envelope.

Dated: February 17, 2015
    Wantagh, New York      **LaMONICA HERBST & MANISCALCO, LLP**
                                      Counsel to Marianne T. O'Toole, as Chapter 7 Trustee of
                                      the Estate of RJG Properties, LLC

                        By:    *s/ Salvatore LaMonica*
                               Salvatore LaMonica, Esq.
                               Holly R. Holecek, Esq.
                               3305 Jerusalem Avenue
                               Wantagh, New York 11793
                               Telephone: (516) 826-6500

**LaMONICA HERBST & MANISCALCO, LLP**
*Counsel to Marianne T. O'Toole, Chapter 7 Trustee*
3305 Jerusalem Avenue, Suite 201
Wantagh, New York 11793
Telephone: (516) 826-6500
Salvatore LaMonica, Esq.
Holly R. Holecek, Esq.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
In re:                                                                                Chapter 7

RJG PROPERTIES, LLC,                                                 Case No: 14-36147 (CGM)

                              Debtor.
-----------------------------------------------------------------x

**TRUSTEE'S MOTION SEEKING ENTRY OF AN ORDER PURSUANT TO SECTIONS 105 AND 363 OF THE BANKRUPTCY CODE: (I) APPROVING STIPULATION RESPECTING THE SALE OF THE DEBTOR'S REAL PROPERTY AND CARVE-OUT FROM SECURED CLAIM; (II) AUTHORIZING THE TRUSTEE'S AUCTION SALE OF THE DEBTOR'S REAL PROPERTY; AND (III) GRANTING RELATED RELIEF**

       Marianne T. O'Toole, the Chapter 7 Trustee (the "Trustee") of the estate of RJG Properties, LLC (the "Debtor"), by her counsel, LaMonica Herbst & Maniscalco, LLP, seeks the entry of an Order pursuant to §§ 105 and 363 of title 11 of the United States Code (the "Bankruptcy Code") and Rules 2002 and 6004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"): (i) approving a stipulation between the Trustee and Citizens Bank, N.A. f/k/a RBS Citizens, N.A., which is annexed as Exhibit A to this Motion (the "Stipulation"), providing for, inter alia, the terms and conditions of the consensual sale of the Debtor's real property known as, and located at, 2555 South Road, Poughkeepsie, New York 12601, Section 6060, Block 02, Lot 994630 (the "South Road Property") and carve-out from secured claim; (ii) authorizing and scheduling an auction sale (the "Auction Sale") of the bankruptcy estate's right, title and interest in and to the South Road Property in accordance with the Stipulation; and (II) granting such other and further relief as this Court deems just and proper and respectfully represents as follows:

1

**BACKGROUND**

1.  On May 30, 2014 (the "Petition Date"), an involuntary petition was filed pursuant to Bankruptcy Code § 303(b) against the Debtor by petitioning creditor Citizens Bank, N.A. f/k/a RBS Citizens, N.A. ("Citizens Bank") for relief pursuant to Chapter 7 of the Bankruptcy Code. An Involuntary Summons was issued on May 30, 2014 and an Order for Relief was entered by the Court on September 5, 2014.

2.  By Notice of Appointment dated September 5, 2014, Marianne T. O'Toole was appointed the interim Chapter 7 Trustee of the Debtor's estate and is currently acting in that capacity.

3.  As of the Petition Date, the Debtor owned the fee simple interest in the South Road Property.

4.  According to documents provided to the Trustee, the South Road Property is encumbered by a first mortgage lien held by Citizens Bank in the original principal amount of $1,050,000.00. Citizens Bank has asserted that the total amount of its lien on the South Road Property is $1,417,316.64 (the "Citizens Bank Lien"). Citizens has filed a proof of claim in the amount of $1,417,316.64 as a secured claim against the Debtor's estate and identified as claim 1-2 on the claims register ("Claim 1").

5.  By Order dated January 22, 2015, the Court approved the Trustee's employment of David R. Maltz & Co, Inc. ("Maltz") as auctioneer to market and sell the South Road Property.

6.  Subject to Court approval, the Trustee and Citizens Bank entered into the Stipulation (Exhibit A), which provides for, inter alia, the consensual sale of the South Road Property.

7. As set forth in the Stipulation, the Trustee and Citizens Bank recognize and agree that the sale proceeds from the Auction Sale of the South Road Property may be insufficient to satisfy the Citizens Bank Lien and all administrative costs and expenses associated with the sale. See Exhibit A at 2. Accordingly, the Stipulation provides for a carve-out from the Citizens Bank Lien for the payment of: (a) any and all liens on the South Road Property that are of higher priority than the Citizens Bank Lien including, but not limited to, any and all outstanding real estate and school taxes; (b) any reasonable, customary closing costs, fees or taxes required to be paid by the estate at closing; (c) (i) the Trustee's reasonable statutory commissions and expenses (as approved by the Court); (ii) the reasonable fees and expenses of the Trustee's retained attorneys (as approved by the Court); (iii) the reasonable commission and expenses of the Auctioneer and/or real estate broker (as approved by the Court); (iv) the reasonable fees and expenses of the Trustee's accountant (as approved by the Court); and (d) $20,000.00 for distributions on account of allowed claims (after payment of administrative claims) in accordance with the Bankruptcy Code (the "Creditor Carve-Out"). See id. at 3.

8. The Stipulation is made a part hereof and incorporated herein by reference. Reference is made to the Stipulation for all its precise terms and conditions.

**STATUTORY PREDICATES FOR RELIEF REQUESTED**

9. The statutory predicates for the relief sought herein include Bankruptcy Code §§ 105(a), 363 and 506(c), and Bankruptcy Rules 2002 and 6004.

10. This Court has jurisdiction of the Motion pursuant to 28 U.S.C. §§ 157 and 1334, and venue of this case and the Motion is proper in this District pursuant 28 U.S.C. §§ 1408 and 1409.

3

## **RELIEF REQUESTED**

11. By this Motion, the Trustee seeks the entry of an Order: (a) approving the Stipulation; (b) authorizing and approving the Auction Sale of the bankruptcy estate's right, title and interest in and to the South Road Property in accordance with the Stipulation; and (c) granting the Trustee such other and further relief as this Court deems necessary.

12. At the hearing on this Motion, the Trustee will request that the Court approve the Motion and grant the relief requested herein. The Trustee will also request that the Court schedule the Auction Sale for the South Road Property for March 31, 2015, and authorize the Trustee to submit a proposed order confirming the Auction Sale to the highest or best bidder to the Court immediately following the Auction Sale.

**A.    The Stipulation Is In The Best Interests Of The Estate And Should Be Approved.**

13. The Trustee submits that the sale of the South Road Property in accordance with the Stipulation will provide the estate with an opportunity to realize the greatest value from the property. The Trustee has consulted with Maltz and, based upon her investigation to date, does not believe that the fair market value of the South Road Property is greater than the Citizens Bank Lien. The Stipulation provides the only potential avenue for this estate to realize any value from this asset of the Debtor. Indeed, the Stipulation provides for the payment of the Carve-Out to the Trustee and the estate, which includes a Creditor Carve-Out of $20,000.00. Thus, the estate benefits even if the sale proceeds are insufficient to satisfy the Citizens Bank Lien.

14. Accordingly, the Trustee, in the exercise of her reasonable business judgment, recommends that the Court approve the Stipulation.

4

**B.    The Auction Sale Of The South Road Property Is A Reasonable Exercise Of The Trustee's Business Judgment And Should Be Approved.**

15.    Bankruptcy Code § 363(b) and Bankruptcy Rule 6004 govern the sale of assets outside of the ordinary course of a debtor's business. Bankruptcy Code § 363 provides, in relevant part, that "[t]he trustee, after notice and hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate . . . ." 11 U.S.C. § 363(b)(1).

16.    Although Bankruptcy Code § 363 does not set forth a standard for determining when it is appropriate for a court to authorize the sale or disposition of a debtor's assets, the Second Circuit, in applying this section, has required that it be based upon the sound business judgment of the trustee. See Motorola, Inc. v. Official Comm. of Unsecured Creditors (In re Iridium Operating LLC), 478 F.3d 452, 466 (2d Cir. 2007) (quoting Committee of Equity Security Holders v. Lionel Corp. (In re Lionel Corp.), 722 F.2d 1063, 1071 (2d Cir. 1983)); Official Comm. of Unsecured Creditors of LTV Aerospace & Defense Co. v. LTV Corp. (In re Chateaugay Corp.), 973 F.2d 141, 145 (2d Cir. 1993); Parker v. Motors Liquidation Co. (In re Motors Liquidation Co.), 430 B.R. 65, 83 (S.D.N.Y. 2010) ("The overriding consideration for approval of a Section 363 sale is whether a 'good business reason' has been articulated." (citations omitted)); In re Hirsch, 360 B.R. 43, 45–46, 48, 50 (Bankr. E.D.N.Y. 2007) (requiring "existence of 'a good business reason to grant such an application'" (quoting In re Lionel Corp., 722 F.2d at 1071)).

17.    The terms of such sale are also generally within the sound discretion of the trustee. See In re Dial-AMattress Operating Corp., Case No. 1-09-419660-dem, 2009 Bankr. LEXIS 1801, at *12 (Bankr. E.D.N.Y. June 24, 2009) (explaining courts "generally will defer to the business judgment of the debtor's management" (citations omitted)); In re Ionosphere Clubs, Inc., 100 B.R. 670 (Bankr. S.D.N.Y. 1989) (approving sale of debtor's airline shuttle assets where the debtor

5

articulated a compelling business reason for the sale and the price represented fair value and evidence exercise of independent good faith and non-coerced business judgment.

18.     As established by the United States Court of Appeals for the Second Circuit in In re Lionel Corp., a court may approve an application to sell under Bankruptcy Code § 363 after expressly determining from the record at the hearing that a good business reason exists to grant such application. In re Lionel Corp., 722 F.2d at 1071.

19.     In this instance, the Trustee used her sound business judgment to determine that sale of the South Road Property at the Auction Sale is appropriate and in the best interests of the Debtor's estate. The Trustee has a duty to liquidate assets of the Debtor for the benefit of the estate and its creditors. The South Road Property is solely owned by the Debtor and encumbered by a lien that is under-secured. Citizens Bank and the Trustee have agreed, subject to Court approval, to the consensual sale of the South Road Property and a carve-out from the Citizens Bank Lien for the estate.

20.     The proposed Terms and Conditions of Sale for the South Road Property are annexed as **Exhibit B**. The salient provisions of the proposed Terms and Conditions of Sale of the South Road Property are as follows: (a) to register to bid, prospective bidders must present a bank check in the amount of $70,000.00 made payable to the Trustee; (b) the successful bidder must close title by April 30, 2015, time being of the essence as to the successful bidder; (c) the successful bidder must pay all county, state or other property transfer taxes in connection with the sale of the South Road Property; and (d) the South Road Property is being sold "as is," "where is," "with all faults," and without any representations or warranties of any kind. See **Exhibit B**. The Trustee submits that the proposed Terms and Conditions of Sale are reasonably designed to ensure that the

Debtor's estate receives the maximum benefit available from the sale of the South Road Property and therefore warrant Court approval.

21. Maltz will be marketing the South Road Property for sale and the Auction Sale. Among other things, Maltz will advertise the Auction Sale in print publications, mail brochures to potential interested parties, distribute brochures with information about the Auction Sale, list the South Road Property Auction Sale on real estate auction web sites, and post signage at the South Road Property.

22. Pursuant to Bankruptcy Rules 6004(a) and (c) and 2002(a)(2), the Trustee is providing notice of the intended Auction Sale to all known creditors of the Debtor, Citizens Bank and any other known holders of liens, claims or encumbrances against the South Road Property, all parties who have filed a notice of appearance in the Debtor's case, and the Office of the United States Trustee.

23. The proposed sale of the South Road Property is both necessary and appropriate, and is in the best interests of the Debtor's estate and its creditors. Accordingly and for the reasons set forth above, the Trustee seeks authorization of and approval for the Auction Sale of the South Road Property in accordance with the Stipulation and the Terms and Conditions of Sale.

**C.    The South Road Property Should Be Sold Free And Clear Of Liens.**

24. Pursuant to Bankruptcy Code § 363(f), property may be sold outside the ordinary course of business under subsection (b)

> free and clear of any interest in such property of an entity other than the estate, only if—
>
>> (1) applicable nonbankruptcy law permits sale of such property free and clear of such interest;
>>
>> (2) such entity consents;

7

>(3) such interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on such property;
>
>(4) such interest is in bona fide dispute; or
>
>(5) such entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest.

11 U.S.C. § 363(f). Thus, a trustee may sell property of a bankruptcy estate outside the ordinary court of business if one of the five conditions under Bankruptcy Code § 363(f) is satisfied. See In re Grubb & Ellis Co., Case No. 12-10685 (MG), 2012 Bankr. LEXIS 1279, at *31 (Bankr. S.D.N.Y. Mar. 27, 2012) (discussing Bankruptcy Code § 363(f)); In re Borders Group, Inc., 453 B.R. 477, 483–84 (Bankr. S.D.N.Y. 2011) (discussing Bankruptcy Code § 363(f)).

25.     Here, Citizens Bank has consented to the sale of the South Road Property. Accordingly, the Trustee submits that Bankruptcy Code § 363(f)(2) is satisfied.

26.     Moreover, all other potential holders of liens, claims or encumbrances against the South Road Property will be provided with notice of the Auction Sale vis-à-vis a notice of sale and will have an opportunity to object to the relief requested in this Motion. Any such entity that does not object to the sale shall be deemed to have consented. See, e.g., Futuresource LLC v. Reuters, Ltd., 312 F.3d 281, 285-86 (7th Cir. 2002) (lack of an objection to a proposed sale of assets counts as consent); Hargrave v. Township of Pemberton (In re Tabone, Inc.), 175 B.R. 855, 858 (Bankr. D.N.J. 1994) (failure to object to sale free and clear of liens, claims and encumbrances satisfies section 363(f)(2)); In re Elliot, 94 B.R. 343, 345 (Bankr. E.D. Pa. 1988) (citing In re Gabel, 61 B.R. 661 (Bankr. W.D. La. 1985)). See also In re Enron Corp., 2003 WL 21755006 at *2 (AJG) (Bankr. S.D.N.Y. 2003) (order deeming all parties who did not object to proposed sale to have consented under section 363(f)(2)).

**D.      The Successful Bidder May Be Entitled To The Protections Of Bankruptcy Code § 363(m).**

27.     Bankruptcy Code § 363(m) protects good faith purchasers at sales conducted under Bankruptcy Code § 363(b) by providing that:

> The reversal or modification on appeal of an authorization under subsection (b) or (c) of this section of a sale or lease of property does not affect the validity of a sale or lease under such authorization to an entity that purchased or leased such property in good faith, whether or not such entity knew of the pendency of the appeal, unless such authorization and such sale or lease were stayed pending appeal.

11 U.S.C. § 363(m).

28.     Although the Bankruptcy Code does not define good faith, the Second Circuit Court of Appeals has provided the following definition of good faith in the context of sales under Bankruptcy Code § 363:

> Good faith of a purchaser is shown by the integrity of his conduct during the course of the sale proceedings; where there is a lack of such integrity, a good faith finding may not be made. A purchaser's good faith is lost by fraud, collusion between the purchaser and other bidders or the trustee, or an attempt to take grossly unfair advantage of other bidders. . . .
>
> As just defined, the good-faith analysis is focused on the purchaser's conduct in the course of the bankruptcy proceedings.

Licensing by Paolo v. Sinatra (In re Gucci), 126 F.3d 380, 390 (2d Cir. 1997) (quotations and citations omitted); see In re Motors Liquidation, 430 B.R. at 78 (relying on Gucci definition of good faith in this context).

29.     Here, the Trustee has scheduled a public Auction Sale of the South Road Property. The Trustee anticipates that, following the Auction Sale, she will seek to confirm the sale to the highest and best bidder. The Trustee anticipates that the successful bidder for the South Road Property will be acting in good faith since the Auction Sale is being conducted at arms' length with an opportunity for competitive bidding. Accordingly, the Trustee may request the entry of an

9

Order affording the successful bidder at the Auction Sale the protections available under Bankruptcy Code § 363(m).

30.    No previous request for the relief sought herein has been made to this or any other court.

**WHEREFORE**, the Trustee respectfully requests that this Court grant the relief requested in this Motion and grant the Trustee such further relief as this Court deems proper.

Dated: February 17, 2015
       Wantagh, New York    **LaMONICA HERBST & MANISCALCO, LLP**
                                    Counsel to Marianne T. O'Toole, as Chapter 7 Trustee of the Estate of RJG Properties, LLC

                        By:    *s/ Salvatore LaMonica*
                                Salvatore LaMonica, Esq.
                                Holly R. Holecek, Esq.
                                3305 Jerusalem Avenue
                                Wantagh, New York 11793
                                Telephone: (516) 826-6500